# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

AMERICAN TECHNOLOGY
INCORPORATED,

                Plaintiff,

-vs-                                        Case Nos.  6:11-cv-109-Orl-22GJK

VELOCITY MICRO, INC.,

                Defendant,
_____

AMERICAN TECHNOLOGY
INCORPORATED,

                Plaintiff,

-vs-                                        Case Nos.  6:11-cv-113-Orl-22GJK

AMERICAN FUTURE
TECHNOLOGY CORPORATION,

                Defendant,
_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **VELOCITY MICRO AND AFTC'S MOTION[S] FOR ATTORNEY FEES AND LITIGATION EXPENSES** (Doc. No. 290 in Case No. 6:11-cv-109-Orl-22GJK) (Doc. No. 292 in Case No. 6:11-cv-113-Orl-22GJK) |
| **FILED:** | **July 12, 2011** |

**THEREON** it is **RECOMMENDED** that the motions be **DENIED**.

| | |
|---|---|
| **NOTICE:** | **AMERICAN TECHNOLOGY INCORPORATED CERTIFICATE OF DISSOLUTION** (Doc. No. 294 in Case No. 6:11-cv-109-Orl-22GJK) (Doc. No. 297 in Case No. 6:11-cv-113-Orl-22GJK) |
| **FILED:** | **August 1, 2011** |

**THEREON** it is **RECOMMENDED** that the notices be **STRICKEN**.

| | |
|---|---|
| **MOTION:** | **VELOCITY MICRO AND AFTC'S RESPONSE TO NOTICE FROM AMERICAN TECHNOLOGY INCORPORATED** (Doc. No. 296 in Case No. 6:11-cv-109-Orl-22GJK) (Doc. No. 298 in Case No. 6:11-cv-113-Orl-22GJK) |
| **FILED:** | **August 8, 2011** |

**THEREON** it is **RECOMMENDED** that the reply be **STRICKEN**.

> **MOTION:** NAGUI MANKARUSE ASKING THE COURT TO BE CONSIDERED AS WITNESS
> (Doc. No. 300 in Case No. 6:11-cv-109-Orl-22GJK)
> (Doc. No. 301 in Case No. 6:11-cv-113-Orl-22GJK)
>
> **FILED:** August 25, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motions be **STRICKEN**.

## I. BACKGROUND.

On April 1, 2010, in Case No. 6:10-cv-488-Orl-22GJK, American Technology Incorporated ("ATI") filed suit against, among others, Velocity Micro, Inc. ("Velocity"), American Future Technology Corporation ("AFTC"), Frozencpu.com ("Frozencpu"), Silicon Mountain Holdings ("Silicon"), Cybertron International, Inc. ("Cybertron"), and NAC Group, Inc. ("NAC") (collectively, the "Defendants") alleging direct infringement of U.S. Patent No. 6,411,512 (the "'512 Patent"), inducement of direct infringement and contributory infringement by making, using, selling, and/or importing into the United States cooling devices and assemblies that embody one or more of the claims of the '512 Patent. Doc. No. 1. On May 26, 2010, Velocity and AFTC (collectively "V/AFTC"), who are represented by the same counsel, filed motions to dismiss the complaint for lack of capacity to sue and for lack of standing. Doc. Nos. 102-103.[1]

On September 2, 2010, V/AFTC also filed a Third-Party Complaint against Arctic Cooling, Inc., Cooler Master USA Inc., D&H Distributing Company, Ingram Micro, Inc., Synnex Corporation, ThermalTake USA Inc., and Moes 1-20 (the "Third-Party Defendants").

---

[1] Unless otherwise stated, the docket entries cited herein may be found in both Case Nos. 6:11-cv-109-Orl-22GJK and 6:11-cv-113-Orl-22GJK.

Doc. No. 144. In the Third-Party Complaint, V/AFTC allege that they "purchased and installed into some of its computers, preassembled cooling devices which consist of heat pipes and heat exchangers which are alleged to infringe upon the ['512 Patent]." Doc. No. 144 at 7. V/AFTC allege that "[s]aid cooling devices were purchased from [the] Third-Party Defendants." Doc. No. 144 at 7. V/AFTC sought damages, contractual indemnity, apportionment, contribution, a declaration of rights, costs, and attorneys' fees from the Third-Party Defendants. Doc. No. 144 at 11.[2]

On January 24, 2011, the Court denied V/AFTC's motions to dismiss. Doc. No. 240. On that same date, the Court severed ATI's claims against the Defendants into six new cases (6:11-cv-108-Orl-22GJK, 6:11-cv-109-Orl-22GJK (Velocity), 6:11-cv-110-Orl-22GJK, 6:11-cv-111-Orl-GJK, 6:11-cv-112-Orl-22GJK, and 6:11-cv-113-Orl-22GJK (AFTC)). Doc. No. 240 at 13-14, 16 ¶ 8. On February 10, 2011, Velocity and AFTC, respectively, filed an Answer, Affirmative Defenses, and Counterclaims. Doc. Nos. 252 in 6:11-cv-109-Orl-22GJK and 253 in 6:11-cv-113-Orl-22GJK.

On April 19, 2011, ATI filed a motion to dismiss the entire case against the Defendants pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure, stating that it had delivered a covenant not to sue to each of the Defendants. Doc. Nos. 269 in Case No. 6:11-cv-109-Orl-22GJK and 272 in Case No. 6:11-cv-113-Orl-22GJK.[3] On June 2, 2011, Velocity and AFTC respectively filed motions for summary judgment. Doc. Nos. 284 in Case No. 6:11-cv-109-Orl-

---

[2] On December 1 and 6, 2010 V/AFTC voluntarily dismissed their Third-Party Complaint against D&H Distribution Company, Ingram Micro, Inc., Synnex Corporation, and Cooler Master USA Inc. pursuant to Rule 41(a)(1)(A)(i), Federal Rules of Civil Procedure. Doc. Nos. 209, 214.

[3] On April 25, 2011, based upon V/AFTC's request, the Court dismissed the remaining Third-Party Defendant, Arctic Cooling, Inc. with prejudice. Doc. Nos. 270-71 in Case No. 6:11-cv-109-Orl-22GJK and 273-74 in Case No. 6:11-cv-113-Orl-22GJK.

22GJK and 286 in Case No. 6:11-cv-113-Orl-22GJK. On June 10, 2011, the Court held a hearing on ATI's motion to dismiss. Doc. Nos. 286 in Case No. 6:11-cv-109-Orl-22GJK and 288 in Case No. 6:11-cv-113-Orl-22GJK.[4] At the hearing, ATI stated that it was requesting dismissal with prejudice. Doc. No. 287 at 3. On June 28, 2011, the Court entered an order: 1) dismissing ATI's claims against V/AFTC with prejudice; 2) dismissing V/AFTC's counterclaims without prejudice for lack of subject matter jurisdiction; 3) granting counsel for ATI's motion to withdraw; and 4) denying all pending motions as moot. Doc. Nos. 289 in Case No. 6:11-cv-109-Orl-22GJK and 291 in Case No. 6:11-cv-113-Orl-22GJK.

On July 12, 2011, V/AFTC filed identical Motions for Attorney Fees and Litigation Expenses (the "Motions"), pursuant to 35 U.S.C. § 285 and the Court's inherent authority, requesting $853,413.00 in attorneys' fees and $229,437.00 in "litigation expenses." Doc. Nos. 290 at 4, 19, 23 in Case No. 6:11-cv-109-Orl-22GJK and 292 at 4, 19 in Case No. 6:11-cv-113-Orl-22GJK.[5] On July 26, 2011, Stephen M. Muller, Esq., counsel for V/AFTC, filed a supplemental declaration stating that V/AFTC is reducing the amount of litigation expenses requested in the Motions by $4,363.00. Doc. No. 292 at 2.[6] Thus, V/AFTC are requesting a total of $225,074.00 in "litigation expenses." Doc. No. 292 at 2.[7]

---

[4] For ease of discussion, because the substance of the docket entries are identical, when discussing the hearing on the motion to dismiss, the Court will cite only to docket entry number 287 from Case No. 6:11-cv-109-Orl-22GJK.
[5] Hereinafter, because the motions are identical, the Court will cite only to Doc. No. 290 in Case No. 6:11-cv-109-Orl-22GJK.
[6] In his declaration, Mr. Muller states that he mistakenly included reimbursement for "out-of-town meal expenses" and filing fees related to an unsuccessful petition to re-examine. Doc. No. 292 at 2.
[7] V/AFTC state that the amount requested for "litigation expenses" in the Motions is separate and apart from the costs requested in the Bill of Costs (Doc. Nos. 291 in Case No. 6:11-cv-109-Orl-22GJK and 293 in Case No. 6:11-cv-113-Orl-22GJK). In each Bill of Costs, filed by V/AFTC in both cases, they request a total of $27,722.21 in costs. *Id*.

In the Motion, V/AFTC state that they should be awarded their attorneys' fees and litigation expenses because ATI's claims were "objectively baseless and brought in subjective bad faith." Doc. No. 290 at 11. V/AFTC argue that ATI's claims were objectively baseless because: 1) neither ATI nor its expert, Dr. Timothy Shedd, Ph.D., ever inspected the accused devices to determine if their pipes were "heat pipes with internally circulating fluid" so as to bring them under the claims of the '512 Patent (citing V/AFTC's own motion for summary judgment and their expert report attached thereto at Doc. Nos. 284, 284-1); 2) ATI's expert conceded in his Rebuttal Report that the allegedly infringing devices blow air across the outside of the fins of the heat exchanger and not through the interior of the heat exchanger, and, therefore, are not subject to the claims of the '512 Patent (citing V/AFTC's motion for summary judgment and Dr. Shedd's Rebuttal Report contained therein at Doc. No. 284-2 at 75-88); and 3) the '512 Patent is predated by prior art designs and, therefore, it was legally impossible for ATI to succeed on its claims (citing V/AFTC's motion for summary judgment). Doc. No. 290 at 11-16.

In the Motions, V/AFTC argue, without citation to any affidavit, deposition, or other evidence, that ATI knowingly brought and maintained this action in subjective bad faith because:

> ATI knew, from the start, that its case was baseless. Before it sued, ATI knew of each of the flaws recited . . . above. ATI knew that it had not inspected the metal pipes in the accused devices to determine if they were heat pipes. ATI knew that it had not inspected the heat exchangers in the accused devices to determine if any of them contained an "internally circulating" fluid. ATI knew that air blown across fins is not "internally circulating" in a heat exchanger – indeed, ATI's named inventors had made this very argument to the Patent Office in order to obtain the patent in the first place. And ATI knew that the design it was accusing of infringement was a prior art design – the Patent Office had cited the Tanaka '055 patent to the '512 applicants during prosecution.

6

> To the extent that ATI did not affirmatively know each of these facts – and the record shows that it did – it certainly should have known them: ATI should have reviewed the file history of its own patent before it sued, and should have inspected the pipes in the accused products to learn that they were not "heat pipes." And even a cursory inspection of the accused products would have shown ATI that the accused products had no "internally circulating" air – or other fluid – in the heat exchanger.

Doc. No. 290 at 16-17. V/AFTC also argue that ATI's litigation strategy demonstrates its bad faith. Doc. No. 290 at 17-21.[8] V/AFTC further state:

> On March 29, 2011, the parties met at the Court-ordered mediation. The case did not settle. It is evident that following the mediation on March 29, 2011, ATI intended to drop the case rather than litigate. The proper course at that point was for ATI to immediately issue an appropriately broad covenant not to sue, to move to dismiss its claims with prejudice, and to seek a stay of the case pending resolution of its motion to dismiss. Instead, ATI dragged the case out for 63 more days – measured from the date of the mediation to the summary judgment.

Doc. No. 290 at 18-19. Thus, V/AFTC maintains that although ATI moved to dismiss the case with prejudice on April 15, 2011, it has demonstrated its bad faith by not immediately moving to dismiss the case with prejudice on March 29, 2011. Doc. No. 290 at 18-21.[9]

Finally, V/AFTC maintain that the Court should not permit ATI to present contrary rebuttal evidence. Doc. No. 290 at 23-24. V/AFTC state without citation to any legal authority that "ATI should be bound by the record as it now exists and should not be allowed to submit new evidence in opposition to this motion." Doc. No. 290 at 23.[10] Other than citing to the

---

[8] More specifically, V/AFTC characterize ATI's litigation strategy as being "tantamount to extortion." Doc. No. 290 at 18.
[9] V/AFTC also argues that counsel for ATI has "essentially conceded that ATI litigated the case in bad faith" by moving to withdraw as counsel due to ethical reasons. Doc. No. 290 at 21.
[10] The Court the "record as it now exists" is of little value in assessing the propriety of ATI's claims because there have been no substantive rulings on claim construction, motions to compel discovery, *Daubert* motions, or summary judgment motions.

7

arguments made and facts alleged in their motions for summary judgment, their own expert report, and ATI's expert's rebuttal report, the Motions do not contain any affidavits, deposition testimony, or other evidence. Doc. No. 290.[11] V/AFTC request oral argument. *Id*. at 1.

On July 29, 2011, Kevin I. Shenkman, former counsel for ATI, filed an affidavit in response to the Motions. Doc. Nos. 293 in Case No. 6:11-cv-109-Orl-22GJK and 296 in Case No. 6:11-cv-113-Orl-22GJK.[12] In the affidavit, Mr. Shenkman states that he was the lead attorney for ATI, supervised all aspects of the case, and has personal knowledge of the facts. Doc. No. 293 at 2. Mr. Shenkman states that because he is no longer counsel of record for ATI, he submits the affidavit to address "only the factual contentions made by [V/AFTC]." Doc. No. 293 at 2.

Mr. Shenkman states:

> Prior to filing the Complaint in this case against [V/AFTC], I conducted a thorough pre-filing investigation with the assistance of Nagui Mankaruse – a mechanical engineer specializing in heat transfer, and one of the inventors of the ['512 Patent]. Specifically, we investigated the various cooling devices sold by [V/AFTC] in their respective computers by, for example, searching on [V/AFTC's] respective websites for "heat pipe" cooling devices. We then investigated the particular configurations of these heat pipe cooling devices sold by [V/AFTC]. While [V/AFTC] contend in their [Motions], without any evidentiary support, that we "never inspected" these cooling devices, the truth is the exact opposite. As part of our pre-filing investigation, we did indeed inspect samples of these cooling devices. Based on our investigation, we were able to compare the cooling devices sold by

---

[11] The Motions repeatedly cite to V/AFTC's motions for summary judgment and specifically the "statement of undisputed material facts." *See* Doc. No. 290 at 5-16. The motions for summary judgment were filed on June 2, 2011, and the "statement of undisputed material facts," contain such statements as the prior art references invalidate the claims of the '512 Patent. *See* Doc. No. 284 at 9. The Court finds highly questionable the contention that the, facts contained in V/AFTC's motions for summary judgment are "undisputed." The fact is, the Court dismissed ATI's claims before its response to V/AFTC's motions for summary judgment were due.

[12] Hereinafter, Mr. Shenkman's affidavit and the attachments thereto will be cited as docket entry number 293 from 6:11-cv-109-Orl-22GJK.

8

> [V/AFTC] to the claims of '512 Patent, and concluded that those cooling devices infringed at least claim 1 of the '512 patent, and in most cases also infringed other claims of the '512 patent such as claim 4.

Doc. No. 293 at 2-3. Thus, Mr. Shenkman states that ATI conducted a thorough inspection of the alleged infringing devices prior to bringing suit. *Id*. Mr. Shenkman also states that prior to V/AFTC filing their respective motions to dismiss, he met with then lead counsel for V/AFTC and presented ATI's infringement analysis. Doc. No. 293 at 2-3.

Mr. Shenkman maintains that the alleged infringing devices do contain heat pipes as evidenced by V/AFTC's current websites, which identify their cooling devices as "Copper Heat Pipes," and by their respective responses and supplemental responses to ATI's Interrogatory No. 1, wherein V/AFTC identified those products it sells which contain a cooling device having at least one heat pipe. Doc. Nos. 293 at 3; 293-1 at 1; 293-2 at 2, 4, 6-7, 9-10.

Mr. Shenkman contends that ATI's belief that V/AFTC's devices infringed on the '512 patent was bolstered by their expert's reports. Doc. No. 293 at 34. Mr. Shenkman states:

> Having performed his own extensive investigation, Dr. Shedd prepared a report comparing the cooling devices sold by [V/AFTC], among others, to the claims fo the '512 patent. Dr. Shedd explained his analysis and conclusion that certain cooling devices sold by [V/AFTC] did indeed meet the limitations of several of the claims of the '512 Patent. Upon the request of counsel for [V/AFTC], Dr Shedd then further clarified his analysis and explanation of his opinions that these specific cooling devices infringed the '512 patent by providing a supplemental expert report. In that supplemental report, Dr. Shedd pointed out were on each cooling device each claim limitation was met. . . . Dr. Shedd also addressed the contentions of [V/AFTC] that the '512 patent was anticipated or obvious in view of certain alleged prior. Dr. Shedd considered each and every prior art reference cited by [V/AFTC], and confirmed that none of those references anticipated or rendered obvious the claims of the '512 patent. . . . While Dr. Shedd explains in this rebuttal report that air simply traveling past

9

> a fin, e.g. natural convection, is not the internal circulation contemplated by the claims of the '512 patent, air forced between closely spaced fins (such as those found a "compact" heat exchanger) is internal circulation.

Doc. No. 293 at 4. Thus, Mr. Shenkman maintains that Dr. Shedd's report, supplemental report, and rebuttal report provide a good faith basis for ATI's claims. Mr. Shenkman states that he still believes V/AFTC's devices "both infringe the '512 patent, and that the '512 patent is valid and distinguishable from the prior art." Doc. No. 293 at 5. Mr. Shenkman maintains that ATI has litigated this case in good faith and there is nothing in the record which would make this case exceptional under Section 285 or warrants the imposition of sanctions pursuant to the Court's inherent authority. Doc. No. 293 at 6-7. Thus, Mr. Shenkman contends that there has been no showing that the case was brought and/or maintained in objective or subjective bad faith. *Id*. at 8.

On August 1, 2011, Naguri Mankaruse, a professional engineer, inventor of the '512 Patent, and former officer of ATI, filed a notice of dissolution on behalf of ATI, a series of vague questions and accusations, and letters between himself and ATI's counsel. Doc. No. 294. Mr. Mankaruse is not a licensed attorney permitted to practice before this Court. *See* Local Rule 2.01(a) and 2.03(e). On August 8, 2011, V/AFTC filed a response to Mr. Mankaruse's notice (the "Response"). Doc. No. 296. In the Response, V/AFTC argue that the notice of dissolution is irrelevant, but requests that the Court consider the balance of the notice when determining the Motions. *Id*. at 1-8. The Response then attempts to refute Mr. Shenkman's affidavit and provides additional grounds for granting the Motions. *Id*. The Court construes the Response as a reply. However, V/AFTC did not seek leave of Court prior to filing. *See* Local Rule 3.01(c).

On August 25, 2011, Mr. Mankaruse filed a Motion Asking the Court to Be Considered as a Witness ("Mr. Mankaruse's Motion"), requesting that he be allowed to present evidence on behalf of ATI at any hearing on the Motions. Doc. No. 300. V/AFTC oppose Mr. Mankaruse's Motion. Doc. No. 301.

## II. THE LAW.

### A. 35 U.S.C. § 285.

This case involves patent law, specifically 35 U.S.C. § 285, and therefore, the substantive law of the Federal Circuit applies. *See Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 182 F.3d 1356, 1359 (Fed. Cir. 1999) (holding that Federal Circuit law governs the substantive interpretations of 35 U.S.C. § 285). Section 285 provides that "[t]he court <u>in exceptional cases</u> may award reasonable attorneys' fees to the prevailing party." *Id*. (emphasis added)

"A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed.R.Civ.P. 11, or like infractions." *Brooks Furniture Mfg., Inc. v. Dutailier Intern., Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). "Absent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if <u>both</u> (1) the litigation is brought in <u>subjective bad faith</u>, and (2) the litigation is <u>objectively baseless</u>." *Id*. (citing *Professional Real Estate Investors v. Columbia Pictures Industries*, 508 U.S. 49, 60-61, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993)) (emphasis added). The moving party has the burden to establish both subjective bad faith and that the litigation is objectively baseless

by clear and convincing evidence. *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989).

In *ILOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1376-77 (Fed. Cir. 2011), the Federal Circuit stated:

> Section 285 must be interpreted against the background of the Supreme Court's decision in *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993). There, the Court recognized that the right to bring and defend litigation implicated First Amendment rights and that bringing allegedly frivolous litigation could only be sanctioned if the lawsuit was "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Id*. at 60, 113 S.Ct. 1920. "Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation." *Id*. . . .
>
> An infringement action "does not become unreasonable in terms of [§ 285] if the infringement can reasonably be disputed. Infringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith." *Brooks Furniture*, 393 F.3d at 1384. Under this exacting standard, the plaintiff's case must have no objective foundation, and the plaintiff must actually know this. Both the objective and subjective prongs of *Brooks Furniture* "must be established by clear and convincing evidence." *Wedgetail*, 576 F.3d at 1304. We recognize a "presumption that the assertion of infringement of a duly granted patent is made in good faith." *Brooks Furniture*, 393 F.3d at 1382 (citing *Springs Window Fashions LP v. Novo Indus., L.P.*, 323 F.3d 989, 999 (Fed.Cir.2003)).

*ILOR, LLC*., 631 F.3d at 1376-77. Thus, the moving party has the burden to prove by clear and convincing evidence both that the action is objectively baseless and maintained in subjective bad faith.

## B. Inherent Authority.

The Court has the inherent authority to control the proceedings before it, which includes the authority to impose "reasonable and appropriate" sanctions. *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002). "To exercise its inherent power a court must find that the party acted in bad faith." *Martin*, 307 F.3d at 1335 (emphasis added). "Inherent powers must be exercised with restraint and discretion." *Footman v. Cheung*, 341 F.Supp.2d 1218, 1224 (M.D. Fla. 2004) (citing *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998)). Thus, a movant has the burden to demonstrate that a party and/or an attorney pursued objectively untenable factual or legal positions by acting in bad faith.

## III. ANALYSIS.

V/AFTC allege that ATI's claims were objectively baseless and that ATI maintained the suit in subjective bad faith. Doc. No. 290. The matter has been fully briefed and the Court finds that oral argument would not be helpful. In support of their contentions, V/AFTC rely upon their own motion for summary judgment, their own expert's report, ATI's expert's supplemental report, and rebuttal report of ATI's expert. Doc. No. 290 at 11-21. This case never reached the stage of claim construction, much less summary judgment, and, therefore, there have been no substantive rulings on the merits of the infringement claims. Moreover, in the Motions, V/AFTC fails to provide an affidavit, deposition testimony, or other evidence which would demonstrate by clear and convincing evidence that ATI maintained this lawsuit in subjective bad faith. On the other hand, Mr. Shenkman provided an affidavit stating that he conducted a thorough pre-suit investigation and an expert inspected the alleged infringing products, opining that that they infringed upon the '512 Patent. Doc. No. 293 at 1-9.

While the filings demonstrate that this was a contentious case, which is not uncommon in infringement suits, V/AFTC has produced no clear and convincing evidence that ATI's claims were objectively baseless or that it maintained the case in subjective bad faith. Accordingly, it is recommended that the Court find that V/AFTC have failed to meet their burden under Section 285 and have failed to make a threshold showing of bad faith under the Court's inherent authority. Therefore, it is recommended that the Court **DENY** the Motions (Doc. Nos. 290 and 292).

It is further recommended that the Court strike Mr. Mankaruse's notice (Doc. No. 294) and Mr. Mankaruse's Motion (Doc. No. 300) for failing to comply with Local Rules 2.01(a) and 2.03(e).

It is further recommended that the Court strike V/AFTC's Response (Doc. No. 296) as a reply filed without leave of Court.

V/AFTC have outstanding Bills of Costs (Doc. Nos. 291 in Case No. 6:11-cv-109-Orl-22GJK and 293 in Case No. 6:11-cv-113-Orl-22GJK). In each Bill of Costs, filed by V/AFTC in both cases, they request a total of $27,722.21 in costs. *Id*. According to V/AFTC, the "litigation expenses" requested in the Motions are separate and apart from the costs requested in the Bill of Costs. Thus, it is further recommended that ATI be given fourteen (14) days from the date the Court rules on the Motions, to file any objections it may have, through counsel admitted to practice before this Court, to the Bills of Costs (Doc. Nos. 291 in Case No. 6:11-cv-109-Orl-22GJK and 293 in Case No. 6:11-cv-113-Orl-22GJK).

IV. <u>**CONCLUSION**</u>.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **DENY** the Motions (Doc. Nos. 290 and 293);

2. **STRIKE** Mr. Mankaruse's notice (Doc. No. 294) and Mr. Mankaruse's Motion (Doc. No. 300) for failing to comply with Local Rules 2.01(a) and 2.03(e);

3. **STRIKE** V/AFTC's Response (Doc. No. 296) for failing to comply with Local Rule 3.01(c); and

4. Provide ATI with fourteen (14) days from the date the Court rules on this Report and Recommendation to file an objections it may have, through counsel admitted to practice before this Court, to the Bills of Costs (Doc. Nos. 291 in Case No. 6:11-cv-109-Orl-22GJK and 293 in Case No. 6:11-cv-113-Orl-22GJK).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** at Orlando, Florida on October 28, 2011.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record
Unrepresented parties
**Mr. Mankaruse at P.O. Box provided**