# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**AMERICAN TECHNOLOGY INCORPORATED,**

        **Plaintiff**

**-vs-**                                         **Case No.  6:11-cv-109-Orl-22GJK**

**VELOCITY MICRO, INC.**

        **Defendant**

_____

## ORDER

### I. INTRODUCTION AND BACKGROUND

On April 1, 2010, in Case No. 10-cv-488-Orl-22GJK, American Technology Incorporated ("ATI") filed suit against fifteen defendants, including Velocity Micro, Inc. ("Velocity Micro") and American Future Technology Corporation ("AFTC"), alleging direct infringement of U.S. Patent No. 6,411,512 (the '512 Patent), inducement of direct infringement and contributory infringement by making, using, selling, and/or importing into the United States cooling devices and assemblies that embody one or more claims of the '512 Patent.[1]  (Doc. No. 1.)  The court severed ATI's claims against the defendants on January 24, 2011.

_____

[1]The same counsel represent both Velocity Micro and AFTC, which filed identical motions for attorney fees and objections to the magistrate judge's Report and Recommendation.  For ease of discussion, the court will refer to the parties as "V/AFTC" and cite only the docket entries in the case between ATI and Velocity Micro, Case No. 6:11-cv-109-Orl-22GJK.

Following the parties' claim construction briefing, the court held a Markman hearing on March 28, 2011 but did not issue a claim construction order. On April 19, 2011, ATI moved to dismiss the case under Rule 41(a)(2) pursuant to a covenant not to sue the remaining defendants. After a hearing on the motion to dismiss, the court dismissed the case on June 28, 2011 and granted counsel for ATI's motion to withdraw. Subsequently, ATI has not been represented by counsel during the attorney fee stage of the litigation. Though V/AFTC filed a motion for summary judgment and a Daubert motion on June 1, 2011, the court dismissed the case before ATI's responses were due.

On July 12, 2011, V/AFTC filed a Motion for Attorney Fees and Litigation Expenses pursuant to 35 U.S.C. § 285, and the court's inherent authority, requesting $853,413.00 in attorney fees and $225,074.00 in litigation expenses. (Doc. Nos. 290 & 292.) Kevin Shenkman, former attorney of record for ATI, then filed an affidavit to dispute the factual contentions asserted by V/AFTC in their motion. (Doc. No. 293.) Additionally, Nagui Mankaruse, the non-attorney former officer of ATI and applicant of the '512 Patent, filed a Notice of Dissolution on behalf of ATI, a motion to be considered a witness in response to V/AFTC's motion for attorney fees, and a supplemental declaration. (Doc. Nos. 294, 300 & 302.) V/AFTC filed responses to Mr. Mankaruse's notice and motion to be considered a witness. (Doc. Nos. 296 & 301.)

The United States Magistrate Judge recommended that the court (1) deny V/AFTC's motion for attorney fees for failure to show an "exceptional" case by clear and convincing evidence; (2) strike Mr. Mankaruse's Notice of Dissolution and motion to be considered a witness as unauthorized filings by a non-attorney on behalf of a corporation; and (3) strike V/AFTC's response to Mr. Mankaruse's notice as an unauthorized reply to its motion for attorney fees. After an independent *de novo* review of the record in this matter, including the objections filed by V/AFTC, the court agrees with the

magistrate judge's conclusions.  Though V/AFTC requested oral argument, after reviewing the memoranda submitted in connection with this issue the court finds that oral argument would not be helpful.

## II. ANALYSIS

### A. Section 285

Pursuant to 35 U.S.C. § 285, the court may award reasonable attorney fees to the prevailing party in exceptional cases.  For purposes of § 285, V/AFTC became the prevailing party following ATI's covenant not to sue and the court's Rule 41(a)(2) dismissal with prejudice.  *See Highway Equip. Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006).  Because the court presumes that the patentee asserts infringement in good faith, the movant bears the burden of proving the exceptional nature of the case by clear and convincing evidence.  *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1382 (Fed. Cir. 2005).  Once shown that the case is exceptional, the court in its discretion determines whether an award of attorney fees is justified.  *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 916 (Fed. Cir. 2012).

An exceptional case typically involves "willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions."  *Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.*, 459 F.3d 1311, 1321-22 (Fed. Cir. 2006).  Absent misconduct during litigation or while securing the patent, the court can award § 285 attorney fees only if the litigation is both (1) brought in subjective bad faith and (2) objectively baseless.  *MarcTec*, 664 F.3d at 916.  This "exacting standard" requires the prevailing party to show that the plaintiff's case has "no objective foundation, and the plaintiff must actually know this."  *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372,

1377 (Fed. Cir. 2011). "Infringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith." *Id.* (quotation omitted). Therefore, if the infringement can be "reasonably disputed" an infringement action is not unreasonable. *Id.* V/AFTC proceed on a theory that ATI brought objectively baseless claims in subjective bad faith.

A determination of objective baselessness does not turn on the plaintiff's state of mind upon commencing the action, but "rather requires an objective assessment of the merits." *Brooks*, 393 F.3d at 1382. The court properly infers bad faith "[w]here . . . the patentee is manifestly unreasonable in assessing infringement . . . whether grounded in or denominated wrongful intent, recklessness, or gross negligence." *Eltech Sys. Corp. v. PPG Indus., Inc.*, 903 F.2d 805, 811 (Fed. Cir. 1990). Thus, the "filing and maintaining of an infringement suit which the patentee knows, or on reasonable investigation should know, is baseless constitutes grounds for declaring a case exceptional." *Id.* at 810. Additionally, "[a] party confronted with the difficulty of proving what is in an adversary's mind must be at liberty to prove facts establishing that that adversary should have known, i.e. to prove facts that render the 'I didn't know' excuse untenable." *Id.*

### 1. The '512 Patent

The invention described by the '512 Patent, entitled "High Performance Cold Plate," is a device intended to cool electronic components. ATI asserted infringement of independent Claim 1 and dependent Claims 3 and 4. Claim 1 of the '512 Patent recites a "cold plate assembly," or heat sink:

1. A cold plate assembly for cooling a circuit board assembly, said cold plate assembly comprising:

-4-

> a heat pipe assembly including at least one heat pipe adapted for internally circulating a first thermally conductive fluid for carrying heat dissipated from electrical components of a circuit board; and
>
> at least one compact heat exchanger engaging and thermally connected to said heat pipe assembly, said heat exchanger adapted for internally circulating a second thermally conductive fluid and for carrying heat dissipated from said heat pipe assembly.

(Doc. No. 1-1.)  The cold plate consists of three elements: a thermally conductive base which interfaces with a heat source; a heat pipe thermal plane to transmit the heat from the source; and a compact heat exchanger of laminated or finned construction where the heat is transferred to a cooling fluid for removal.  (*Id.* at "Summary of the Invention.")  All three independent claims require that the heat pipe and heat exchanger be adapted for "internally circulating" a "thermally conductive fluid."

### 2. Objective Baselessness

V/AFTC object to Judge Kelly's recommendation that they did not prove objective baselessness by clear and convincing evidence.  V/AFTC assert that the accused devices contain (a) a base plate, (b) multiple metal pipes (which ATI alleged to be heat pipes) and (c) a heat exchanger. (Doc. No. 283-1, King Decl.)  Relying on the declaration of their expert, Dr. King, V/AFTC contend that the accused heat exchangers consist of metal fins surrounding part of the alleged heat pipes, and that in operation a fan blows air across the outside of the fins.  (*Id.*)  Thus, V/AFTC claim that there is no fluid inside of, or "internal" to, the heat exchanger.  (*Id.*)  While V/AFTC describe the '512 Patent as claiming a "liquid-cooled system," they purport to sell computers with "air-cooled systems."

With Dr. King's declaration as support, V/AFTC assert three arguments to demonstrate objective baselessness.  First, V/AFTC argue that both ATI's expert, Dr. Shedd, and the '512 patent applicants conceded that air passing along the fins (as allegedly occurs in the accused devices) is not

"internally circulating" as required by the '512 Patent.  Second, V/AFTC argue that the heat sink design of the accused products predates the '512 Patent, such that if the court interpreted the '512 Patent to cover the design of the accused products the '512 Patent would be invalid.  In this regard, V/AFTC contend that prior art to the '512 Patent–specifically U.S. Patent No. 5,409,055 ("Tanaka '055")–contemplates the design of the accused products by describing a heat pipe connected to a finned heat exchanger which is cooled by a fan blowing air across the outside of the fins.  Finally, V/AFTC contend that Dr. King attested that he inspected the accused devices, but did not find an "internally circulating fluid" in either the heat pipes or the heat exchangers.  Rather, with respect to the heat exchangers, Dr. King observed that the fan blows air across the outside of the fins.

Initially, the court cannot conclude that either Dr. Shedd or the '512 Patent applicants conceded noninfringement.  Dr. Shedd may have conceded that air traveling past a fin is not necessarily the "internal circulation" contemplated by the '512 Patent.  (Doc. No. 293-4 ¶ 77, Shedd Rebuttal.)  However, Dr. Shedd also contended that air forced between closely spaced fins, as allegedly occurs in a "compact" heat exchanger like the accused products, constitutes internal circulation.  (Doc. No. 168 ¶ 14, Shedd Supp. Decl.)  Additionally, in his rebuttal report Dr. Shedd distinguished the '055 Tanaka Patent on several grounds, including the fact that it did not disclose a "compact heat exchanger" that engages the heat pipe and through which a fluid internally circulates. (Doc. No. 293-4.)

In its motion for attorney fees V/AFTC essentially asks the court to adopt its claim construction and declare that V/AFTC's products do not infringe the '512 Patent.  However, in their claim construction briefs the parties vigorously disputed several of the arguments now raised by V/AFTC, such as the scope of '055 Tanaka Patent and the construction of the claim term "internally

circulating."   While the court agrees that V/AFTC present a compelling argument for noninfringement, based on the record the court cannot conclude that ATI presented an infringement theory so unreasonable on its face as to be objectively baseless.  *See Visto Corp. v. Sproqit Techs., Inc.*, No. C-04-0651 EMC, 2007 WL 160942, at *5 (N.D. Cal. Jan. 17, 2007) ("Given the vagaries often inherent in the claims construction process, it appears to be the exception, and not the rule, for a court to find terms of a patent so obvious on its face, and thus the construction offered by a party so obviously unreasonable, that sanctions under § 285 would be warranted.").  Moreover, fee litigation is not the time to address the substantive merits in the first instance, especially when the question of infringement appears to turn on the construction of the claim term "internally circulating." *See Lighting World, Inc. v. Birchwood Lighting, Inc.*, 382 F.3d 1354, 1367 (Fed. Cir. 2004) ("[T]he district court was justified in not requiring a full trial on the issue of inequitable conduct as part of the attorney fee motion or in entering detailed findings of fact and conclusions of law on the issue."); *Eon-Net LP v. Flagstar Bancorp*, 249 Fed. Appx. 189, 196 (Fed. Cir. 2007) (holding that the district improperly awarded Rule 11 sanctions because "without a full claim construction analysis it is impossible to assess whether Eon-Net's claim construction was unrealistic"); *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3-10-cv-0481-M-BD, 2010 WL 5093945, at *3 (N.D. Tex. Nov. 10, 2010) (declining to decide the ultimate issue of infringement on a less than full record in the context of a motion for attorney's fees), *report and recommendation adopted*, 2010 WL 5093944 (N.D. Tex. 2010), *aff'd*, 423 Fed. Appx. 991 (Fed. Cir. 2011); *Euclid Chem. Co. v. Vector Corrosion Techs., Inc.*, No. 1:05 CV 80, 2008 WL 4404540, at *4 (N.D. Ohio Sept. 24, 2008) (recommending that the movant could not demonstrate by clear and convincing evidence that the non-movant's case was exceptional absent a claim construction ruling or adjudication at trial or by summary judgment).  Even assuming

that ATI's claims could not have survived summary judgment, or that the court would have rejected ATI's claim construction, neither result compels the conclusion that ATI brought an objectively baseless suit. *See Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1315 (Fed. Cir. 2010). In light of V/AFTC's substantial burden, and absent a ruling on the merits, the court finds that V/AFTC has not shown objective baselessness by clear and convincing evidence.

### 3. Subjective Bad Faith

V/AFTC also object to Judge Kelly's recommendation that they did not show that ATI filed suit in bad faith.[2]  V/AFTC argue that they proved ATI's bad faith in a clear and convincing manner through the following "unrebutted circumstantial evidence:" (1) ATI asserted manifestly unreasonable claims; (2) ATI prosecuted the case "without a strategy for victory" in order to extract low-dollar settlements from small retailers who neither design nor manufacture the accused heat sinks, as demonstrated by its failure to take any depositions and its submission of conclusory expert reports; (3) ATI sought damages in an amount far lower than the cost of litigation; and (4) ATI dismissed the case after V/AFTC refused to pay the settlement in favor of proceeding towards trial.

In *Eon-Net LP v. Flagstar Bancorp*, the Federal Circuit held that plaintiff's litigation strategy bore the "indicia of extortion" where plaintiff filed suit against more than 100 diverse defendants and quickly followed those suits with low settlement offers.  653 F.3d 1314, 1327 (Fed. Cir. 2011).  In comparison, however, ATI sued fifteen retailers.  Nor does V/AFTC provide support for its conclusion that ATI acted in bad faith by voluntarily dismissing its claims following V/AFTC's

---

[2]The court reaches this conclusion in the alternative, since V/AFTC's failure to demonstrate objective baselessness traditionally ends the court's § 285 inquiry. *See Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 547 n.4 (Fed. Cir. 2011).

refusal to settle.  *But cf. Wedgetail Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1306-07 (Fed. Cir. 2009) (noting that instead of demonstrating misconduct, the record showed that plaintiff dismissed the suit after determining that it could not prevail under the district court's claim construction); *Visto*, 2007 WL 160942, at *2 ("If fees are too readily awarded under § 285 when a patentholder extends a covenant not to sue resulting in dismissal of the case, then such covenants and the beneficial economies and finality attendant thereto might be unduly discouraged.").  Additionally, Mr. Shenkman's July 29, 2011 affidavit, as well as his May 17, 2011 affidavit submitted in response to V/AFTC's Motion to Compel, contradict V/AFTC's conclusions regarding ATI's failure to conduct discovery or schedule depositions.  (Doc. Nos. 278-1 & 293.)

V/AFTC also argue that the magistrate judge should have considered the correspondence between Mr. Mankaruse and his counsel, dated between April 7, 2011 and July 27, 2011, which Mr. Mankaruse attached to the Notice of Dissolution.  (Doc. No. 294-1.)  However, Judge Kelly properly recommended that the letters submitted by Mr. Mankaruse, a non-attorney corporate officer of ATI, be stricken from the record.[3]  *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985); Local Rules M.D. Fla. 2.01(a) & 2.03(e).  Finally, V/AFTC's remaining arguments with respect to

---

[3]According to V/AFTC, the letters "corroborate the bad faith previously shown circumstantially;" demonstrate that ATI's counsel,  Mr. Mankaruse, and Dr. Shedd did not collectively agree on which claims V/AFTC allegedly infringed; and show that ATI knew it was going to lose the case if litigated on the merits.  It appears from the letters that Mr. Mankaruse intended for ATI to assert Claims 6 through 10 and therefore disagreed with Dr. Shedd's analysis that the accused devices infringed only Claims 1, 3 and 4.  (Doc. No. 294-1.)  However, ATI voluntarily moved to dismiss the case on April 29, 2011.  *See, e.g., Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1304 (Fed. Cir. 2004) ("[W]e fail to see how a changed legal theory that leads to the voluntary dismissal of a lawsuit can amount to bad faith.").  Even if the court were to consider the letters, they do not impact the court's conclusion that V/AFTC failed to present clear and convincing evidence of bad faith.

ATI's bad faith hinge on their conclusion that ATI asserted a "manifestly unreasonable" infringement position, or asserted an infringement position against prior art. As discussed above, the court cannot reach that conclusion based on the record. In its totality, the aforementioned circumstantial evidence does not meet the "clear and convincing" standard necessary to demonstrate bad ATI's bad faith.[4]

### 4. The Court's Discretion

Assuming V/AFTC adequately demonstrated that ATI brought objectively baseless claims in bad faith, the court in its discretion can decline to award attorney's fees. *See Brooks*, 393 F.3d at 1382. In determining whether to award attorney's fees in an exceptional case, the court considers such factors as "the closeness of the case, the tactics of counsel, the flagrant or good faith character of the parties' conduct, and any other factors contributing to imposition of punitive sanctions or to fair allocation of the burdens of litigation." *Perricone v. Medicis Pharm. Corp.*, 432 F.3d 1368, 1380-81 (Fed. Cir. 2005). Considering the totality of the circumstances, ATI did not engage in the type of inappropriate tactics sufficient to warrant the extreme measure of attorney fees, especially in light of ATI's voluntary dismissal of its suit before summary judgment or trial.

### B. Mr. Shenkman's Affidavit

Kevin Shenkman, former attorney of record for ATI, filed an affidavit on July 29, 2011 to address the factual contentions asserted by V/AFTC in their motion and to dispute V/AFTC's allegations that ATI did not conduct an adequate pretrial investigation and brought their claims in bad faith. (Doc. No. 293.) V/AFTC argue that the magistrate judge improperly credited conclusory

---

[4]V/AFTC also moved for attorney fees on the basis of the court's inherent authority, which the court declines to exercise.

portions of Mr. Shenkman's affidavit.  Contrary to V/AFTC's assertion, however, Mr. Shenkman adequately described ATI's pre-filing investigation, summarized Dr. Shedd's analysis, and stated that in his opinion, the accused devices infringe the '512 patent.  The court cannot conclude that the magistrate judge should not have considered these and other portions of Mr. Shenkman's affidavit.[5]

Additionally, V/AFTC object to the magistrate judge's recommendation that the court strike Mr. Mankaruse's Notice of Dissolution and the attached correspondence between Mr. Mankaruse and his former counsel.  According to V/AFTC, it is "unfair" for the court to consider the affidavit filed by Mr. Shenkman but strike the evidence filed by Mr. Mankaruse, thus allowing Mr. Shenkman the "first and only word on subjects previously covered by a claim of privilege."  (Doc. No. 304 p. 10.) However, the court cannot waive the well-established requirement that a corporation proceed in this court only through counsel, *see Palazzo*, 764 F.2d at 1385, and V/AFTC do not provide any authority in support of their "fairness" argument.

### C. Mr. Mankaruse's Filings and V/AFTC's Response to Mr. Mankaruse's Notice

Upon granting ATI's motion to dismiss and allowing counsel for ATI to withdraw, the court specifically advised ATI that any post-judgement issues must be addressed by counsel.  (Doc. No. 289.)  However, Mr. Mankaruse has since filed several documents in connection with V/AFTC's motion for attorney fees, including (1) a Notice of Dissolution on behalf of ATI (Doc. No. 294); (2) a motion to be considered a witness with respect to V/AFTC's pending motion for attorney fees (Doc. No. 300); (3) a supplemental declaration to the aforementioned motion (Doc. No. 302); and (4) an objection to the magistrate judge's report and recommendation (Doc. No. 305).  As discussed above,

---

[5]The court also notes that V/AFTC did not move to strike Mr. Shenkman's affidavit on this ground.

these documents must be stricken since Mr. Mankaruse, who is not an attorney, cannot file motions, notices or exhibits on behalf of ATI.[6]  *See Palazzo*, 764 F.2d at 1385; Local Rules 2.01(a) & 2.03(e).

Additionally, Mr. Mankaruse attached to the Notice several letters between himself and his former counsel.  In its response to Mr. Mankaruse's Notice, V/AFTC contend that the attached correspondence confirm both that ATI knew its infringement allegations were objectively baseless and that ATI brought its claims in bad faith. (Doc. No. 296.)  The magistrate judge recommended that the court strike V/AFTC's response to Mr. Mankaruse's Notice as an unauthorized reply to V/AFTC's motion for attorney fees.  V/AFTC object to the magistrate judge's recommendation, arguing that since ATI did not oppose their § 285 motion no filing existed to which V/AFTC could file a reply. However, Local Rule 3.01(c) provides that "[n]o party shall file any reply or further memorandum directed to the motion or response . . . unless the Court grants leave."  Though not technically a "reply," V/AFTC's response certainly amounts to a "further memorandum" in support of its motion for attorney fees, as V/AFTC explicitly asks the court to grant its motion for attorney fees based on the evidence attached to Mr. Mankaruse's notice.  (Doc. No. 296 p. 8.)  In any event, V/AFTC's response mainly addresses the exhibits filed by Mr. Mankaruse, which the court has determined should be stricken, and therefore does not impact the court's conclusion regarding attorney fees.

### D. Dr. King's Sworn Declaration

Finally, V/AFTC object that the magistrate judge misconstrued Dr. King's sworn declaration as an unsworn expert report.  Specifically, V/AFTC point to the magistrate judge's recommendation

---

[6]The court notes that Mr. Mankaruse does not object to the magistrate judge's recommendation, but appears to dispute Dr. King's analysis of the '512 Patent and argue that the '512 Patent is valid.

that V/AFTC "fail[ed] to provide an affidavit, deposition testimony, or other evidence" in support of its § 285 motion.  However, read in its entirety, the magistrate judge actually concluded that V/AFTC failed to provide "an affidavit, deposition testimony, or other evidence which would demonstrate by clear and convincing evidence that ATI maintained this lawsuit *in subjective bad faith*."  (Doc. No. 303 p. 13) (emphasis added).  With respect to their argument that ATI acted in bad faith, V/AFTC specifically contend that they proved bad faith through "unrebutted circumstantial evidence" and do not rely on Dr. King's declaration in this respect.  (Doc. No. 304 pp. 8-9.)  Even considering Dr. King's sworn declaration, for the reasons set forth above the court does not find that V/AFTC demonstrates either bad faith or objective baselessness by clear and convincing evidence.

### III. CONCLUSION

V/AFTC has not met its substantial burden under § 285, especially in light of the fact that the claims were not construed and factual matters regarding infringement require development.  In so ruling, the court does not find that a merits decision is a necessary prerequisite to award fees pursuant to § 285.  Rather, an award of fees under § 285 must be based on the infringement record, and here that record is lacking. Ultimately, V/AFTC has not shown a "gross injustice" sufficient to warrant the award of attorney's fees.

Based on the foregoing, it is **ORDERED** as follows:

1. Magistrate Judge Kelly's Report and Recommendation (Doc. No. 303), entered on October 28, 2011, is **ADOPTED** and **CONFIRMED** and made part of this Order.

2. Velocity Micro Inc.'s Motion for Attorney Fees (Doc. No. 290), filed on July 12, 2011, is **DENIED**.

3. Nagui Mankaruse's Motion for Miscellaneous Relief (Doc. No. 300), filed on August 25, 2011, and Supplemental Declaration (Doc. No. 302), filed on September 14, 2011, are **STRICKEN**.

4. Velocity Micro Inc.'s Objection to the Report and Recommendation (Doc. No. 304), filed on November 11, 2011, is **DENIED**.

5. Nagui Mankaruse's Objection to the Report and Recommendation (Doc. No. 305), filed on November 21, 2011, is **STRICKEN**.

6. The Notice (Certification of Dissolution) filed by Nagui Mankaruse on behalf of American Technology Incorporated (Doc. No. 294) on August 1, 2011, is **STRICKEN**.

7. Velocity Micro Inc.'s Response to the Notice from American Technology Incorporated (Doc. No. 296), filed on August 8, 2011, is **STRICKEN**.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 14, 2012.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party

-14-